UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ILSE RUBIO, an individual,

        Plaintiff,

vs.                                 CASE NO.:_____

PRODUCTOS FAMILIA DE PUERTO RICO,
INC., a Puerto Rico corporation, and
PRODUCTOS FAMILIA, S.A., a foreign company,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Ilse Rubio, by and through undersigned counsel, hereby files this Complaint against Defendants, Productos Familia de Puerto Rico, Inc., and Productos Familia, S.A., and in support thereof, states as follows:

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq*.

2. This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331, as this case involves a federal question arising under the Constitution, laws or treaties of the United States.

3. Plaintiff, Ilse Rubio ("Rubio"), is an individual residing in Los Angeles, California, is over the age of 18, and is otherwise *sui juris*.

4. Defendant, Productos Familia S.A. ("Productos Colombia"), is a Colombian corporation with a believed principle address of: Autopista Sur CRA, 50 N. 8 Sur 117, Medellin, Colombia, or Autopista Medellin-Bogota Km. 37+900m. Rionegro (Ant.) Colombia. At all times material hereto, Productos Colombia engaged in the conduct of interstate commerce.

5. Defendant, Productos Familia De Puerto Rico, Inc., ("Productos PR"), is a corporation organized and existing under the laws of the territory of Puerto Rico, with a principal address of Calle Ismael Rivera #55, San Juan, Puerto Rico 00911. Upon information and belief, Productos PR is the subsidiary of Productos Colombia, and distributor of Productos Columbia's products. At all times material hereto, Productos Columbia acted as parent-agent for Productos PR. At all time material hereto, Productos PR engaged in the conduct of interstate commerce.

6. Venue is proper in the District of Puerto Rico pursuant to Title 28, United States Code, Section 1400(b), which provides, in part, that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business," because Productos PR resides in this district, and because Productos PR and Productos Columbia are to be treated as the same corporation due to their parent-subsidiary relationship.

7. All conditions precedent have been met, waived, or satisfied.

## General Allegations

8. Rubio holds several patents for various female hygiene pads issued by the United States Patent and Trademark Office ("USPTO"), including those issued under Patent Nos. D426,887, 6,475,203; 6,887,224; 7,037,297; and 7,875,013 (collectively the "Patents"), for which she is identified as the inventor. Rubio also holds international patent rights on a feminine hygiene pad (WO2001080771). Copies of the Rubio Patents are attached as Composite Exhibit A.

## Chilean Lawsuit

9. Sancela Chile S.A. ("Sancela") is Productos Colombia's Chilean affiliate, which, since 2001, had been manufacturing and selling a feminine hygiene pad called "Colaless Ultra"

under the brand name "Donnasept" that infringed on a design patent application that was being processed in Chile for which Rubio was the inventor.

10. In or about January 2002, Rubio's counsel provided Sancela with actual notice that the Colaless Ultra pad infringed on the Chilean design patent application.

11. In response, Sancela's General Manager informed Rubio that the Colaless Ultra pad was manufactured by Productos Columbia and that he would forward the letter to Productos Columbia's main office.

12. In or about April 2002, Sancela informed Rubio that it was filing an opposition to Rubio's design patent application.

13. Over the next several years, Rubio spent significant time fighting the opposition while simultaneously engaging in discussions with Sancela to license Rubio's Patents. Ultimately, licensing negotiations failed.

14. In 2009, Rubio's design patent issued and Rubio sent a final cease and desist to Sancela.

15. In December 2009, when Sancela failed to cease and desist from infringing Rubio's Chilean patent, Rubio filed a complaint for patent infringement against Sancela in Chile.

16. In 2012, the Chilean Court granted a judgment in favor of Rubio, holding that Sancela was liable for patent infringement.

**Infringement Continues through Productos PR and Productos Colombia**

17. In or around June 2012, Rubio discovered that Productos PR was distibuting, offering to sell, and selling in the United States and importing into the United States the accused Nosotras String Pads, despite having a patent infringement judgment entered against its affiliate in Chile.

18. Upon information and belief, Productos has been making, importing, distributing, offering to sell, and/or selling the accused Nosotras String Pads in the United States and beyond since 2001.

19. The packaging of the accused Nosotras String Pads indicates that the product is manufactured by Productos Colombia and distributed by Productos PR. A copy of the product packaging is attached as Composite Exhibit B.

20. These entities have been acting in concert to sell the accused Nosotras String Pads in the United States and possibly beyond.

21. On June 25, 2012, Rubio's counsel sent a cease and desist letter to Productos PR and demanded that it discontinue importing, advertising, selling, reselling, and distributing of the accused Nosotras String Pads, and demanded the recall of all inventory from its retailers.

22. On July 23, 2012, Productos PR responded and stated that the Nosotras String Pads did not infringe on Rubio's Patents.

23. In one final effort to avoid litigation, on March 6, 2013, the undersigned sent another cease and desist letter Productos PR.

24. Productos PR responded that it was not infringing any of Rubio's Patents, and in any event, were no longer distributing the accused Nosotras String Pads in South Florida or Puerto Rico.

25. Nevertheless, and despite Productos PR's representation to the contrary, Productos Colombia and Productos PR continue to sell Nosotras String Pads in the United States and possibly beyond.

26. Specifically, the Nosotras string pads are being sold in several supermarket chains in the United States, including the Presidente and Sedano's supermarket chains in South Florida,

the Pueblo and Econo supermarket chains in Puerto Rico, and possibly countless other stores.

27.   Rubio has retained the undersigned counsel to represent her interests in this matter and is obligated to pay all reasonable attorney's fees and costs incurred in the pursuit of the claims set forth herein.

## COUNT I – TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

28.   Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

29.   This is an action for temporary and permanent injunctive relief pursuant to 35 U.S.C. § 283 of the Untied States Patent Act, which provides that this Court may "grant injunctions in accordance with the principles of equity to prevent the violations of any right secured by patent, on such terms as the court deems reasonable."

30.   As set forth above, Defendants have infringed at least one claim set forth in Rubio's patents by making, importing, distributing, offering to sell, and/or selling the accused Nosotras String Pads.

31.   Despite several demands to cease and desist, Defendants continue to sell the accused Nosotras String Pads that infringe on Rubio's patent rights.

32.   Defendants' refusal to honor Rubio's patent rights has caused and will continue to cause Rubio irreparable harm.

33.   Rubio has no adequate remedy at law that can fully compensate Rubio for the deprivation of her patent rights.

34.   There is a substantial likelihood that Rubio will ultimately prevail on the merits of the instant case.

WHEREFORE, Plaintiff, Ilse Rubio, respectfully requests that the Court enter a temporary and permanent injunction enjoining Defendants and all those active in concert and

participation with Defendants, from making, selling, marketing, distributing, transferring or infringing on Rubio's rights as more fully set forth above, together with costs, attorneys fees and such further relief as this Court deems just and proper.

## **COUNT II – WILLFUL PATENT INFRINGEMENT**

35. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

36. This is an action for patent infringement pursuant to Title 35, United States Code, Section 271, of the United States Patent Act.

37. As set forth more fully above, Defendants have infringed and continue to infringe Rubio's Patents, by making, importing, distributing, offering to sell, and/or selling the accused Nosotras String Pads.

38. All such infringing conduct of Defendants has occurred and was committed by Defendants in a willful manner, irrespective of and despite Plaintiff's demand that Defendants immediately cease its infringing conduct and recognize Plaintiff's patent rights. Defendants' actions have been committed and performed in a willful, knowing, and bad faith manner.

39. The aforesaid actions of Defendants have caused and continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

WHEREFORE, Plaintiff, Ilse Rubio, respectfully demands judgment against Defendants for the full amount of damages sustained, including, but not limited to, any and all remedies available pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.*, which include, but are not limited to, a reasonable royalty award, disgorgement of the profits received by Defendants, costs, pre and post judgment interest at the maximum allowable rate, enhanced damages, attorney's fees, and such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ilse Rubio, hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted.

San Juan, Puerto Rico, this 28th day of October, 2013.

                FOR THE PLAINTIFF

                TRIPP SCOTT, P.A.
                110 SE Sixth Street, 15th Floor
                Ft. Lauderdale, Florida 33301
                Tel: 954.525.7500
                Fax: 954.761.8475
                *Lead Counsel for Plaintiff*

                By: /s/ Peter G. Herman
                Peter G. Herman, Esq.
                Fla. Bar. No. 353991
                pgh@trippscott.com
                Alexander D. Brown, Esq.
                Fla. Bar No. 752665
                adb@trippscott.com
                Adam S. Goldman, Esq.
                Fla. Bar No. 86761
                asg@trippscott.com

Local Counsel for Plaintiff

/s/  *Diego A. Ramos*
Diego A. Ramos
USDC-PR Bar No. 127513
Fiddler Gonzalez & Rodriguez, PSC
P.O. Box 363507
San Juan, P.R. 00936
787-759-3162 (direct office line)
787-759-3109 (facsimile)
dramos@fgrlaw.com